*279 The opinion of the court was delivered by,
Huston, J.
The record in this case presented the following faets: — The Lancaster'Bank, as endorsee of T. R. Buchanan, obtained a judgment, and issued a fieri facias, in 1817, against Wit- • liam Houseal, for á sum exceeding eight .hundred' dollars. The fieri facias "was levied on a house and lot of the defendant, which was sold on a venditioni exponas, for o.ne thousand six hundred and ninety-five dollars. The money was brought into court, or (what was the same thing) considered in court; and, on the 23d of June, 1S17, a rule was taken to show cause why the proceeds of the sale should not be paid over to the Lancaster Bank.
On the same day a rule was taken, by Mr. Hopleins, to show cause why the purchase money should not be paid to S. Gratz, (he owner of a bond given by the defendant, William Houseal, as a part of the consideration money for the property sold. This bond had been given to T. R. Buchanan, the vendor, by Houseal, and’ transferred, by Buchanan, to Gratz.
On the 24th of September, 1817, both motions were argued; and, after some consideration, the Common1 Pleas decided,- “ thát the vendor had a lien for the purchase money on the estate sold, while the estate continued in the hands of the vendee, and where there is no'contract by which it may be implied that the lien was not intended to be reserved. Prima facie, the purchase money is a lien, and it lies on the vendee to show the contrary. A judgment ob? tained against the vendee does not alter or defeat the lien; nor will endorsing a receipt on the deed and taking a bond for the purchase money affect it. We see nothing in the case before the court to prevent the operation of these principles, and therefore direct that the amount of the bond given to T. R. Btichanan for the purchase money of the estate of William Houseal be paid to the holder of the bond, out of the proceeds of the sale made by the sheriff.”
The next day after this decision the sheriff paid'the money to. the attorney of S. Gratz. \
This, opinion of the lien, of purchase money on land sold by absolute deed recorded, and bond given for the purchase money, continued, as was admitted on all sides,- to be considered the law in this district until the decision of this court in Kauffelt v. Bower, (7 Serg. & Rawle, 64,) put an.end to the illusion. After that decisión, the Lancaster Bank brought this suit to recover back from Simon Gratz the money so decreed to him by the Court of Common Pleas of Lancaster county, and which was paid to him in pursuance of that decree. The judge of the District Court decided that the plaintiff could, and ought to, recover;' that though it was often requisite for the Court of Common Pleas to decree to whom •jponey brought into Court shall be paid, under the liens of judgments of record against the defendant, in such casus they have *280 complete jurisdiction ove'r the subject matter; and, in another part, he says this was not a decision on the conflicting rights of judgment creditors, whose claims were evidenced by the records of the court. And, again, no judgment had been obtained oh this bond, and the court had not rightful and necessary cognisance of it;' nor was it in the court’s jurisdiction, in this way, to put it in competition with the lien of the judgment in favour of the bank; and concludes, “The order of the Court of Co'mmon Pleas of Lancaster county, made the 39th of August, ISIS, on which the proceeds of the sale of William HouseaVs real estate was paid to the defendant, under the circumstances appearing in evidence, is not final and conclusive. The law is settled, that a bond given for the purchase money of a tract of land, where a deed is made therefor, is not a lien on the premises conveyed for its amount.”
There were several other matters in this record in which error was alleged, which, not being material in the view here taken of it, will not be noticed. ’ •
The state of Pennsylvania is now divided into fifteen judicial districts; each, district, to a certain extent, has different rules of practice, but the difference is generally slight. There has been also some diversity in more important, matters, — perhaps there still is. .
Every court in which money is' recovered, must have the power of deciding to whom that money shall be paid. This has often been iníproperly, as I think, called the equitable power of the court. It is, though not always exercised through the instrumentality of a jury, as much a legal power as any other of the court. The practice in the exercise of this power, has been variant in different-districts. In some, a case is stated; in others, the formality of a case stated is generally omitted, especially where the facts are few, and not complicated. The facts and dates are stated precisely, and noted by the judge from the statement of the opposing counsel, and no statement on paper is previously drawn up. In many, perhaps most districts, if the facts are disputed, or if it is wished to have the opinion of the Supreme Court, a feigned issue is directed; in others, a feigned issue is unknown. The practice fs for the one party claiming the money to bring suit against the sheriff, and the other party claiming it to defend him. This was so exclusively the practice in the fourth district, that in a practice pf twenty-five years there, I.recollect no feigned issue.,
If there was no issue, real or feigned, it was settled and well understood every where,, that the opinion of'the Court of Common Pleas was final. And, in every instance where either party wished a revision of the opinion in a superior court, a case was stated with express right to take a writ of error, or an issue real or feigned was resorted to. I have often heard counsel, after a decision on motion, or on case stated, wish they had procured a decision in such way as to be entitled to a writ of error; but this is the first *281 instance within my knowledge of an attempt to treat the decision of any court respecting the appropriation of money collected on execution, as being different from any other judgment of the court. This is of itself a strong argument against the plaintiff below in this cause.
Where the execution is levied only on personal property, and neither the. judgment nor execution bound the property until execution delivered to the sheriff, not much intricacy can occur: but where the judgment binds the lands' of the defendant, and every interest legal or equitable in lands; where this lien on the land expires within five years, unless revived by a scire facias; where there are not only often many judgments against the same defendant, but mortgages, which also bind; where lands of an intestate are appraised and taken in the Orphans’ Court, and are subject to the lien of the shares of the widow or other children; or where, by order of the court, executors or administrators convey by act of assembly, expressly subject to a lien for the residue of the purchase money; or where lands have been devised to the defendant in execution, expressly subject to the payment of a legacy or legacies, — many inquiries may be necessary to determine who has the prior lien, and to whom money collected from the sale of lands is to be paid. The difficulty generally consists solely in ascertaining the dates. There is seldom any-dispute whether a claim is really a lien or not — but whether it is the prior lien. On this, however, as on every' other part of the cause from its'inception, the law is or ought to be uniform: and it would be of little consequence to a party that a judgment had been obtained, if the possession of the money, the object of the suit, and that possession obtained on a solemn argument, left it still questionable whether he who had the decision of the money could hold it.
It has been long settled, that decisions of a court, founded on motions of a certain description, were not subject to a writ of error. If the parties wished for a speedy decision, the resort was to one mode. If a more solemn decision was desired, and a right to review in a superior court, the law provided it: the option was with the parties, and not with the court. It is even conceded, in the present case, that no writ of error lay. If this decision could not be impugned and reversed directly, by a superior court, it would be strange if it could be affected by the decision of a court of co-ordinate jurisdiction.- There is nothing better settled than that the decree or judgment of a court of competent jurisdiction is conclusive between the same parties and their privies, on the matter coming directly in question in another court of concurrent jurisdiction, or of superior jurisdiction, if not brought before it by appeal or writ of error. And it is immaterial whether the decision was by a court and jury, or- a court without a jury, — whether it was by.a court of record, or not of record. I shall only refer to *282 14 Serg. & Rawle, 181, and the cases cited in that case, and in the case in the note to it.
' It seems to have been considered material that the bond was not sued in that court, and not a record of that court. This was not material: if the purchase money had been a lien, no matter whether the lien was evidenced by the records of the court which issued the execution or not. We have several courts in the same county. In Philadelphia, the Circuit Court of the United States, Cao Supreme Court, the District Court, the Common Pl'easj arid the Orphans’ Court, all notice the liens arising .from the judgments or decrees of each otherj and all of them notice thélien created by charging money on land in a will, and a mortgage, which, though recorded in the proper office, is not a record of any court, until sued in that court. The criterion is not — does the lien appear by the records of the court called on to.decide? but — does it exist by the laws of the land, an.d, have the parties interested submitted the matter to the court in any of the ways known and recognised by the law?
It was perfectly immaterial, also, that the court of Common Pleas had mistaken the law. The District Court was not a court in which the deciisions of the Common Pleas w.ere to be revised,- nor was it material, that,, in the course pursued, there was neither appeal nor writ of error. Such a course might have been taken as would have left the right of revision, but it was not. There are many such cases, and little injury arises from it The legislature have provided hereafter that from such decisions an appeal, within a certain time and in a certain manner, shall lie to the Supreme Court. On the whole, there was in this case a decree by a court of' competent jurisdiction in a case legally before' them, which is final between the parties, and is conclusive on all other courts in this state: there is, therefore, error in the opinion of the District Court.
Judgment reversed.